**FILED - GR**
June 30, 2026 2:52 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JJM  SCANNED BY: JM /6/30

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - -

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARILYN ETHEL HARP,

Defendant.

_____/

**1:26-cr-61**
**Hala Jarbou- US District Judge**

**FELONY INFORMATION**

The United States Attorney charges:

**(Bank Fraud)**

Between no later than January 2, 2014 and on or about July 15, 2025, in Ionia County, in the Southern Division of the Western District of Michigan, and elsewhere,

**MARILYN ETHEL HARP**

knowingly executed a scheme and artifice to obtain moneys and funds owned by, and under the custody and control of, Mercantile Bank of Michigan ("Mercantile Bank"), a federally-insured financial institution, by means of materially false and fraudulent pretenses, representations, and promises.

Specifically, between 2014 and 2025, the defendant wrote approximately 80 checks from an account held by Ionia Township, Michigan (the "Township"), held at Mercantile Bank, to pay her personal expenses, such as credit card bills and expenses associated with the construction of a vacation home. These transactions defrauded the Township because the defendant fraudulently represented the withdrawals as

legitimate Township payments and concealed the withdrawals from it as the owner of the bank account.  The defendant also made fraudulent representations to Mercantile Bank because, as the account signatory on the Tax Account, the defendant falsely represented that the approximately 80 checks written on the account were authorized withdrawals for Township business.  The defendant concealed her personal use of those funds from both Mercantile Bank and her employer.

### The Scheme to Defraud

1.      The Township governs a subsection of Ionia County, Michigan.  The Township can act when a majority of its governing board votes in favor of that action. It has the authority to assess and collect property taxes from landowners residing within its borders.

2.      At all times relevant to this charge, defendant Marilyn Harp was the treasurer and an employee of Ionia Township.  This position allowed her to collect property tax payments from landowners living within its borders.

3.      As the Township's treasurer, Harp was assigned the responsibility of depositing tax payments into a Township bank account set up for that purpose (the "Tax Account.")  This was an account held at Mercantile Bank (formerly FirstBank), a federally-insured financial institution.   As the sole signatory on the Tax Account, Harp was the only person authorized to withdraw funds from it.

4.      Harp was only permitted to withdraw funds out of the Tax Account, and the other Township accounts under her control, for proper Township purposes.  The Township instructed Harp to quickly move funds out of the Tax Account into its other

accounts and its expectation was that the Tax Account would very rarely carry a significant balance. Every withdrawal from the Tax Account therefore bore Harp's false representation that it was for a legitimate and authorized Township purpose.

5.      The Township compensated Harp for her services by issuing her periodic paychecks. At no time did the Township grant Harp permission to use its funds to pay personal expenses.

6.      During the time encompassed by this Felony Information, Harp fraudulently withdrew over $747,000 of the Township's funds on deposit with Mercantile Bank from the Tax Account to pay personal expenses such as credit card bills and costs associated with the construction of a vacation home.  She accomplished this by writing checks on the account using her authority as the sole signatory on the Tax Account.  Over the life of the scheme, Harp wrote approximately 80 fraudulent checks.  Many of these checks contained notations falsely indicating that they were for legitimate Township expenditures.  For example, on or about December 28, 2022, Harp wrote the check below on the Tax Account in the amount of $25,004.59 and in the description wrote "Corelogic," because it would create the false impression that it was written for a legitimate Township purpose. In fact, the check was used to pay down Harp's credit card balance.



7.      The Township held regular meetings that Harp attended as part of her duties as treasurer.  At these meetings, Harp provided reports about the Township's finances, but those reports were false and fraudulent because they never disclosed that she was taking funds out of the Tax Account for her personal use.

8.      In or about 2024, other Township officials began questioning Harp about her use of the Tax Account.  In response, she destroyed relevant records and fabricated others.

18 U.S.C. § 1344(2)
18 U.S.C. § 20 (financial institution defined)

## FORFEITURE ALLEGATION
### (Bank Fraud)

The allegations contained in this Felony Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 982(a)(2)(A).

Pursuant to 18 U.S.C. § 982(a)(2)(A), upon conviction of the offense in violation of 18 U.S.C. § 1344 set forth in this Felony Information, the defendant,

**MARILYN ETHEL HARP,**

shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained, directly or indirectly as a result of such violation.  The property to be forfeited includes, but is not limited to, the following:

1.    MONEY JUDGMENT: A sum of money equal to at least $747,025.27, which represents the proceeds obtained, directly or indirectly, from the offense charged above.

2.    PERSONAL PROPERTY: the funds seized by the United States from the following bank accounts held by Marilyn Harp:

   a.  LPL Financial account ending 4839 and

   b.  Michigan One Community Credit Union checking account ending 2605.

3.    SUBSTITUTE ASSETS: If any of the property described above, as a result of any act or omission of the defendant:

   a.    cannot be located upon the exercise of due diligence;

   b.    has been transferred or sold to, or deposited with, a third party;

    c.      has been placed beyond the jurisdiction of the court;

    d.      has been substantially diminished in value; or

    e.      has been commingled with other property which cannot be divided without difficulty

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

**18 U.S.C. § 982(a)(2)(A)**
**21 U.S.C. § 853(p)**
**18 U.S.C. § 982(b)(1)**
**18 U.S.C. § 1344**

Date 6/30/26

TIMOTHY VERHEY
United States Attorney